## BLATCHFORD *a.* THE NEW YORK & NEW HAVEN RAILROAD COMPANY.

*Supreme Court, First District; General Term, May,* 1858.

MOTION TO DISSOLVE INJUNCTION.—AFFIDAVITS TO OPPOSE.

When the defendant moves alone on his answer to dissolve an injunction, the plaintiff can read no affidavits in opposition to the motion; but if the defendant uses affidavits to move for a dissolution of the injunction, with or without his answer, the plaintiff may read additional or counter affidavits.

Appeal from an order made upon a motion to dissolve an injunction.

BY THE COURT.—DAVIES, P. J.—We all agree that the order of special term appealed from should be reversed, for the reasons given by the judge below.

A question was raised on the argument, whether, on a motion to dissolve an injunction made by the defendant upon his answer, the plaintiff can read affidavits in opposition. We think the true construction of sections 225 and 226 of the Code is, that when the defendant moves alone on his answer to dissolve an injunction, the plaintiff can read no affidavits in opposition to the motion; but if the defendant uses affidavits to move for a dissolution of the injunction, with or without his answer, that in such case the plaintiff may read additional or counter affidavits. We think this clear from the provisions of the Code.

By title 6 of the Code, the pleadings in civil actions are the complaint, the demurrer, the answer, and the reply.

These are verified or not as the plaintiff may elect, or as may be necessary.

Affidavits are used to bring to the knowledge of the court facts not appearing by the pleadings, or, if appearing, in pleadings not verified, that such facts may be stated under the sanction of an oath.

When the complaint and answer are verified, the facts therein stated have equal significance and importance as if stated in an affidavit.

We understand, therefore, perfectly well what is meant by a complaint, an answer, and an affidavit. Each has a distinct name, and a distinct office to perform in the progress of an action; and though the two former, when verified, may in certain proceedings have all the force of an affidavit, there is no warrant for calling them affidavits. The Code denominates them pleadings, complaint, and answer, and such they are to be regarded.

Section 219 of the Code provides that the application for an injunction order may be made when it shall appear by the complaint that the plaintiff is entitled to the relief demanded; and section 220 provides that it may be granted at the time of commencing the action, or at any time afterwards, on its appearing satisfactorily by the affidavit of the plaintiff, or of any other person, that sufficient grounds exist therefor. Gridley, Justice, in Miner *v.* Terry (6 *How. Pr. R.,* 210), very justly says, that " where the complaint states all the facts necessary to lay the foundation for an injunction, and the plaintiff swears to this positively, it is too narrow a construction of the Code not to regard the complaint thus verified as an affidavit. It would be a useless act to restate all the facts of the complaint in the form of an affidavit." When the plaintiff cannot swear positively to all the facts stated in the complaint, it is always necessary to have the affidavit of a third person. We think section 225 of the Code sanctions the idea that the injunction is to be granted on the complaint and affidavits, for it says that the application to vacate or modify the injunction order may be made upon the complaint and the affidavits on which it was granted, or upon affidavits on the part of the defendant, with or without his answer. We think the provisions of the Code in this section clearly preserve the distinction between complaint, answer, and affidavit.

The motion to vacate or modify may be made on the complaint, if that only were used in obtaining the injunction order: if affidavits in addition were used, then upon them and the complaint; or the defendant might move on affidavits, with or without his answer.

If his answer is verified, it may be treated as an affidavit fairly, for the same reason that the complaint is regarded as such, for the obtaining the injunction order.

If it is not verified, then, for the same reasons, affidavits must be used, to bring to the knowledge of the court the facts relied on to procure a vacation or modification of the injunction order.

Section 226 of the Code is imperative upon this court, if this view of the provisions of the Code is correct, that when the defendant uses only his answer on the motion to vacate or modify the injunction order, the plaintiff cannot use affidavits to sustain the injunction. It says, " If the application be made upon affidavits on the part of the defendant, *but not otherwise*, the plaintiff may oppose the same by affidavits and proofs, in addition to those on which the injunction was granted."

Edwards, Justice, in Servoss *v*. Stannard (2 *Code R.*, 56), says, " The word affidavit, in section 226 of the Code, can hardly be construed to mean answer. We find the words ' answer' and ' affidavit' throughout the Code applied to different objects, and certainly in their ordinary acceptation they are not synonymous. There are some words in the Code which the Legislature intended should have a signification different from that usually assigned them ; these have been enumerated, and their arbitrary definition given. The word affidavit is not among the words to which the Legislature have attached a peculiar meaning; and I see nothing in the Code, nor am I aware of any decision which would justify me in holding that an answer, verified in conformity with the Code, is an affidavit."

This reasoning appears to us conclusive ; and we think, therefore, when the defendant does not use an affidavit or affidavits, on his behalf, the plaintiff is precluded from opposing his motion by affidavits or other proofs, in addition to those upon which the injunction was granted.