(101 App. Div. 288)

## NEWMAN v. WEST.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

**1. SALES—FRAUD—COMPLAINT—BILL OF PARTICULARS.**

In an action for damages for fraudulent representations on a sale of horses the fact that the answer contained only admissions and denials was no ground for denying defendant a bill of particulars.

**2. SAME—DENIAL OF FRAUD.**

In an action for fraud, unless defendant denies the fraud, he is not entitled to a bill of particulars.

**3. SAME—VERIFIED ANSWER.**

Code Civ. Proc. § 3343, subd. 11, provides that in construing the Code the word "affidavit" shall include a verified answer. *Held* that, in an action for damages because of defendant's fraudulent representations on a sale of horses to plaintiff, the answer having denied the fraud and having been verified, the fact that the denials were not repeated by defendant in his affidavit was no ground for denying his motion for a bill of particulars.

**4. SAME.**

Where, in an action for damages for defendant's fraudulent representations in selling a team of horses, the complaint alleged in one paragraph certain defects in one horse, and in another paragraph certain defects in the other, and it was alleged that a specified sum had been spent in endeavoring to cure the horses, defendant was entitled to a bill of particulars showing which horse was referred to in each paragraph, and showing the particulars of the amount paid, and to whom paid.

Appeal from Special Term, Saratoga County.

Action by Isidore Newman against Walter West. From an order denying defendant's motion for a bill of particulars, he appeals. Reversed.

This action is brought by the plaintiff to recover damages for alleged false and fraudulent representations made by the defendant in the sale of two horses to the plaintiff. The material parts of said complaint, so far as the question now involved is concerned, are as follows:

"First. That heretofore, and in or about the month of July, 1904, at Saratoga Springs, Saratoga county, N. Y., the defendant offered to sell to plaintiff a certain team of horses, consisting of two horses, and then and there falsely and fraudulently represented that said horses, and each of them, were sound, free from fault, seven (7) and eight (8) years of age, respectively, and correct in every respect."

"Fourth. That one of said horses was not sound or free from fault, nor correct in every respect, but was unsound, unkind, and was older than seven or eight years of age; that said horse's feet were contracted, and said horse was lame and unsound, and had wind puffs on every leg, and splint on forward leg; that said horse had been blistered for lameness or other disease.

"Fifth. That the other one of said horses was much older than seven or eight years, had and has splints, is puffed on legs, and has had for some time what deponent, on information and belief, alleges to be a bone spavin."

Plaintiff alleges that the horses were worth $410 less than they would have been as represented by the defendant, and that he has necessarily spent

$125 in caring for and endeavoring to cure said horses, and demands judgment for $535.

The defendant, by his amended answer, denies that he made any false or fraudulent representations in regard to said horses. He admits that "said horses were more than seven and eight years of age; that one of said horse's feet were somewhat contracted, and said horse had wind puffs on his legs, and splints on forward leg; and that the other of said horses had splints and puffs on its legs." He further alleges that whatever defects existed in said horses were apparent, open, and plainly visible at the time of the sale, and were known to the plaintiff's wife, who acted for the plaintiff in making the sale, and that the plaintiff purchased said horses with knowledge of all the defects existing in either of said horses.

It further appears that subsequent to the commencement of this action the defendant, with the permission of the plaintiff, and with the aid of two veterinary surgeons, had examined said horses for the purpose of ascertaining what defects or faults existed in them.

The notice of motion specified the particulars which the defendant asked that the plaintiff should be required to furnish him. The court denied the motion, and from the order entered thereon this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Horace E. McKnight (John E. Henning, of counsel), for appellant.

Rockwood & Salisbury (George R. Salisbury, of counsel), for respondent.

CHASE, J. Plaintiff insists that the defendant's answer is practically a general denial, and that consequently he is not entitled to a bill of particulars. When an answer contains only admissions and denials, it may be a good reason for denying a motion made by the plaintiff to compel a bill of particulars by the defendant. King v. Ross, 21 App. Div. 475, 47 N. Y. Supp. 562; Gray v. Shepard (Sup.) 13 N. Y. Supp. 27; Stanley v. Block, 56 App. Div. 549, 67 N. Y. Supp. 471. But such an answer cannot adversely affect the question as to whether the plaintiff should furnish a bill of particulars to the defendant. In an action for fraud, unless the defendant denies the fraud charged in the complaint, a bill of particulars of the plaintiff's claim should not be ordered. In this case the defendant, in his answer and amended answer, both of which were read by him at the Special Term, denied the fraud charged in the plaintiff's complaint, but such denials are not repeated by the defendant in his affidavit. Where the denials in a defendant's answer are clear and specific, I see no reason, notwithstanding the expression in the opinion in Gridley v. Gridley, 7 Civ. Proc. R. 215, for holding that such denials, because they are in a verified answer, and not in a separate affidavit, are insufficient to meet the requirements on a motion for a bill of particulars. It is the substance, merit, and good faith of the denials that should influence the court in determining whether a bill of particulars should be ordered, rather than the name of the paper in which they are contained. By the Code of Civil Procedure it is provided that in construing such Code the word "affidavit" includes a verified pleading in an action, or a verified petition or answer in a special proceeding. Section 3343, subd. 11. When the complaint and answer are verified, the facts therein stated have equal significance and importance as if stated in an affidavit. Blatchford v. N. Y. & N. H. R. Co., 7 Abb. Prac. 322.

By the fourth and fifth paragraphs of the complaint, it is impossible to tell which of the two horses sold to the plaintiff by the defendant were defective in the particulars in said paragraphs stated. The defendant purchased said horses separately, and it is important for him to know which horse is referred to in each of said paragraphs.

The defendant's motion for a bill of particulars should be granted to the extent of requiring the plaintiff to specify which horse he refers to in each of said paragraphs of the complaint. The defendant is also entitled to a bill of particulars of the several amounts paid by him in caring for and endeavoring to cure said horses, with the name of the person or persons to whom such amounts were so paid.

Order reversed, with $10 costs and disbursements, and motion granted. All concur.